**Teodoro SUSANO–GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–71376, 05–75274.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Teodoro Susano–Garcia, Santa Ana, CA, Pro Se.

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Teodoro Susano–Garcia seeks review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal, and an order of the BIA denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss the petition for review in No. 05–71376, and deny the petition for review in No. 05–75274.

We lack jurisdiction to review the agency's discretionary determination that Susano–Garcia failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We do not consider Susano–Garcia's contentions regarding moral character because his failure to establish hardship is dispositive.

We review for abuse of discretion the denial of a motion to reopen. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion by denying Susano–Garcia's motion to reopen, because the BIA considered the evidence of hardship he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See id.* ("The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law." "). We agree with the BIA's conclusion that the performance by prior counsel did not result in prejudice to Susano–Garcia, and thus did not provide a basis to reopen. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail in an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW IN 05–71376 DISMISSED.**

**PETITION FOR REVIEW IN 05–75274 DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.